[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on June 4, 1977 in West Haven, Connecticut. The parties have resided continuously in this state since 1977. There are two minor children issue of this marriage: Melissa K. Hart, born September 9, 1984: and Brittany M. Hart, born July 7, 1991.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-56, 46b-81, 46b-82 and 46b-84 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 18 years. There are two minor children aged nine and two and a half years. The parties have been separated since February 1993. The defendant is approximately 38 years of age. Unfortunately, the defendant has had a history of psychiatric instability going back to 1986. She has been diagnosed as having acute schizophrenia and bipolar disorder. There have been at least five hospitalizations over the past eight years. Provided the defendant takes her prescribed medication, she is able to function well. Her testimony in court was lucid, intelligent and clear. She had no difficulty in answering questions and in expressing herself. The defendant has had a history of not taking her medication and taking herself off the prescribed medication without medical authorization. Without medication, the defendant hallucinates and becomes irrational; her insights and judgment become extremely poor.
The defendant is a registered nurse and was a director of nurses and a school nurse at one time. The defendant worked throughout the marriage and made substantial financial contributions to the marriage. The defendant has not worked in the past two years as a result of her psychiatric problems. At this time she appears to be well on the road to recovery provided she takes the prescribed medication. CT Page 857
The plaintiff is 38 years of age and in good health. He has been left with the responsibilities of two small children in addition to working and maintaining the home. The plaintiff has been employed at Sikorsky Aircraft for some time. He earns approximately $34,500 per year. He nets approximately $436.26 per week. There is very little cash money to go around.
The major asset of the parties is the marital home — presently occupied by the plaintiff and the two minor children. The home has an appraised value of $160,000. There is presently a first mortgage of $130,000 on the marital home.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
A. Custody
The court had the benefit of the report of the Family Relations Counselor and the attorney for the minor children. Testimony indicated that both parents are concerned and loving parents. The defendant mother was the primary care taker during the earlier years of the children and had good parenting skills. Were it not for her psychiatric illness, she would in all respects be an appropriate and property custodial parent. The attorney for the minor children indicated the older child misses the defendant. The defendant has recently completed an in-patient program at Elmcrest.
The plaintiff father also has good parenting skills and has made appropriate arrangements for the children while in his care. He has had to take on the dual role of mother and father. The testimony indicated that the children appear to be healthy, happy and functioning well under the present care of the plaintiff father. The plaintiff's family has also been supportive as the paternal grandparents have assisted the plaintiff with day care.
The court concludes that it is in the best interests of the minor children that sole custody be awarded to the plaintiff father and it is so ordered.
It is further ordered that the defendant mother be consulted concerning major decisions pertaining to the minor children provided, of course, that the defendant is actively taking her CT Page 858 prescribed medication.
The court finds that, at the present time, the plaintiff father can provide more structure, stability and consistency on a long term basis.
B. Visitation
1. The defendant shall be entitled to liberal, reasonable and flexible supervised visitation with the minor children.
2. Visitation shall be supervised until such time as the defendant's doctor feels that the emotional and physical well-being of the minor children would not be in jeopardy and the defendant is psychiatrically stable.
3. Any of the defendant's family members maybe supervisors. Said supervised visitation shall be once a week at a minimum. The minor children need to have regular contact with the defendant and, provided she is actively taking her prescribed medication, she is an appropriate parent.
4. The minor children shall not be removed from the State of Connecticut by the defendant.
C. Support
No child support is awarded at this time due to the defendant's financial circumstances.
D. Medical Coverage
1. The plaintiff shall provide and maintain medical insurance coverage for the benefit of the minor children as is available at his place of employment.
2. The plaintiff shall provide and maintain medical coverage as is available at his employment at his expense for the benefit of the defendant for a period of one year or until the defendant is gainfully employed on a full time basis, whichever event shall first occur.
E. Real Estate
1. The defendant shall immediately quitclaim to the plaintiff CT Page 859 all her right, title and interest in and to the marital home located at 415 Spring Street, Orange, Connecticut.
2. The plaintiff shall thereupon execute a mortgage to the defendant in the amount of $10,000 payable as follows:
a. on the sale of the home;
b. on the plaintiff's remarriage; or
c. five years from the date of this judgment.
3. The plaintiff shall be responsible for the mortgage, taxes and insurance on said marital home and shall hold the defendant harmless from any and all liability thereon.
4. The plaintiff shall be entitled to the exclusive use and occupancy of the marital property.
F. Property Settlement
By way of a lump sum property settlement, the plaintiff shall pay to the defendant a lump sum of $2,000 within 30 days of date to assist the defendant in the purchase of a motor vehicle. The guardian ad litem shall be in charge of said funds to insure that this sum is not dissipated but rather is used for the purpose for which it was intended.
G. Alimony
1. The court is not unmindful of the serious financial situation the plaintiff finds himself in. The parties were able to maintain a reasonable lifestyle when the defendant was gainfully employed and contributing to the household. The defendant has no source of income from unemployment or otherwise. It is not known when the plaintiff will be able to return to work or if indeed she will be able to find employment.
There is a possibility the defendant may be entitled to social security benefits and she is encouraged to process such an application.
2. Commencing February 4, 1994, the plaintiff shall pay to the defendant periodic alimony in the sum of $35 per week. Said alimony shall terminate on the death of the plaintiff, the death of CT Page 860 the defendant, her remarriage or cohabitation as defined by statute.
3. In the event the defendant earns in excess of $26,000 (twenty-six thousand dollars) per year, then the alimony shall be reduced to one dollar per year. The defendant testified at trial that she earned between $530 to $700 per week when she was employed.
H. Counsel Fees
1. The attorney for the minor children has presented a fee for services in the amount of $2647. Counsel is awarded attorney's fees in the amount of $2110. The plaintiff shall be responsible for two-thirds and the defendant shall be responsible for one-third. The defendant's share shall come from the defendant's interest in the marital home.
I. Personal Property
1. The parties shall divide their personal property as they shall agree. If the parties are unable to agree, they are referred to Family Services for mediation and, if mediation is unsuccessful, they shall return to court for a hearing thereon.
2. It is understood that the personal property of the children shall remain with the children at their residence.
J. Debts
The plaintiff shall be responsible for the debts as listed on his financial affidavit.
K. Arrears
The court makes a finding that there is an arrears in the pendente lite orders in the amount of $490 through January 30, 1994. Said arrears shall be paid within six months of date.
Coppeto, J.